IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA DEAN HAYNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | CIVIL ACTION NO. 3:11cv693-CSC |
| ) | (WO) |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

**I. Introduction**

The plaintiff, Cynthia Dean Haynes ("Haynes"), applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq., and supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., alleging that she was unable to work because of a disability. Her application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review pursuant to 42 U.S.C. §§ 405 (g) and 1383(c)(3). Based on

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should affirmed.[2]

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .

To make this determination,[3] the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2] Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.

[3] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[4]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005). Substantial evidence is "more than a scintilla," but less than a preponderance: it "is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (quotation marks omitted). The court "may not decide the facts anew, reweigh the evidence, or substitute . . . [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (alteration in original) (quotation marks omitted).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. The Issues

**A. Introduction.** Haynes was 42 years old at the time of the administrative hearing. (R. 49). She has completed high school and has some vocational technical training in computer programming. (R. 44). The ALJ concluded that Haynes has severe impairments

---

[4] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

of "psychotic disorder and obesity," but concluded that Haynes' migraine headaches did not constitute a severe impairment because this condition did not "manifest with the degree of severity that suggest they should be included as severe."[5] (R. 21). The ALJ concluded that the plaintiff was unable to perform her past relevant work, but, using the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P., App. 2, as a framework and relying on the testimony of a vocational expert, she also concluded that there were significant number of jobs in the national economy that the plaintiff could perform. (R. 33-35). Thus, the ALJ concluded that the plaintiff was not disabled. (R. 35).

**B. Plaintiff's Claims.** Haynes presents two issues for the Court's review. As stated by Haynes, they are as follows:

1. The Commissioner's decision should be reversed, because the ALJ erred in failing to find Ms. Haynes' migraine headaches to be a severe impairment.

2. The Commissioner's decision should be reversed, because the ALJ erred in failing to accord adequate weight to Ms. Haynes's treating physician, Dr. David Willis.

(Doc. # 12, Pl's Br. at 6).

### IV. Discussion

A disability claimant bears the initial burden of demonstrating an inability to return to her past work. *Lucas v. Sullivan*, 918 F.2d 1567 (11th Cir. 1990). In determining whether

---

[5] The ALJ also concluded that Haynes' hypertension was not severe because this condition did not adversely impact her. (R. 21). The ALJ concluded that Haynes' carpal tunnel syndrome and fibromyalgia were undocumented, not medically determinable, and thus, not severe. (*Id*.) Haynes does not challenge these findings.

the claimant has satisfied this burden, the Commissioner is guided by four factors: (1) objective medical facts or clinical findings, (2) diagnoses of examining physicians, (3) subjective evidence of pain and disability, e.g., the testimony of the claimant and her family or friends, and (4) the claimant's age, education, and work history. *Tieniber v. Heckler*, 720 F.2d 1251 (11th Cir. 1983). The ALJ must conscientiously probe into, inquire of and explore all relevant facts to elicit both favorable and unfavorable facts for review. *Cowart v. Schweiker,* 662 F.2d 731, 735-36 (11th Cir. 1981). The ALJ must also state, with sufficient specificity, the reasons for his decision referencing the plaintiff's impairments.

> *Any* such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual *shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based.*

42 U.S.C. § 405(b)(1) (emphases added).

**A. Severe Impairment**. The plaintiff argues that the ALJ failed to properly consider that her migraine headaches were a severe impairment at step 2 of the sequential analysis. The severity step is a threshold inquiry which allows only "claims based on the most trivial impairment to be rejected." *McDaniel*, 800 F.2d at 1031. A physical impairment is defined as "an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(c). A severe impairment is one that is more than "a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *Bowen v. Yuckert*, 482 U.S. 137, 154

5

fn. 12 (1987) citing with approval Social Security Ruling 85-28 at 37a. The plaintiff has the "burden of showing her impairment is "severe" within the meaning of the Act." *McDaniel*, 800 F.2d at 1030.

It is Haynes' obligation, in the first instance, to demonstrate that she can no longer perform her past relevant work, and she is entitled to benefits. *See Lucas*, 918 F.2d at 1571 (the claimant bears the burden of establishing the existence of a disability). "Unless the claimant can prove, as early as step two, that she is suffering from a severe impairment, she will be denied disability benefits." *McDaniel*, 800 F.2d at 1031. "Even though Social Security courts are inquisitorial, not adversarial, in nature, claimants must establish that they are eligible for benefits." *Ingram v. Comm'r of Soc. Sec. Admin.,* 496 F.3d 1253, 1269 (11th Cir. 2007) (citing *Doughty v. Apfel,* 245 F.3d 1274, 1281 (11th Cir. 2001)). *See also Holladay v. Bowen,* 848 F.2d 1206, 1209 (11th Cir. 1988).

In finding that the plaintiff's migraine headaches were not a severe impairment, the ALJ reviewed the plaintiff's medical records. After carefully reviewing the medical records, the court concludes that substantial evidence supports the ALJ's conclusion that the plaintiff's migraine headaches do not constitute a "severe impairment" within the meaning of the Social Security Act. Haynes applied for disability benefits alleging a disability onset date of July 14, 2009. (R. 45, 127 & 157). In her disability report, Haynes asserted that she cannot work because she is in "[i]ntense pain." (R. 157). She reported that she had to reduce her hours as a secretary due to fibromyalgia, and that she had to quit her job as a home health nurse because she could no longer perform the work. (*Id*.) However, during the

fn. 12 (1987) citing with approval Social Security Ruling 85-28 at 37a. The plaintiff has the "burden of showing her impairment is "severe" within the meaning of the Act." *McDaniel*, 800 F.2d at 1030.

It is Haynes' obligation, in the first instance, to demonstrate that she can no longer perform her past relevant work, and she is entitled to benefits. *See Lucas*, 918 F.2d at 1571 (the claimant bears the burden of establishing the existence of a disability). "Unless the claimant can prove, as early as step two, that she is suffering from a severe impairment, she will be denied disability benefits." *McDaniel*, 800 F.2d at 1031. "Even though Social Security courts are inquisitorial, not adversarial, in nature, claimants must establish that they are eligible for benefits." *Ingram v. Comm'r of Soc. Sec. Admin.,* 496 F.3d 1253, 1269 (11th Cir. 2007) (citing *Doughty v. Apfel,* 245 F.3d 1274, 1281 (11th Cir. 2001)). *See also Holladay v. Bowen,* 848 F.2d 1206, 1209 (11th Cir. 1988).

In finding that the plaintiff's migraine headaches were not a severe impairment, the ALJ reviewed the plaintiff's medical records. After carefully reviewing the medical records, the court concludes that substantial evidence supports the ALJ's conclusion that the plaintiff's migraine headaches do not constitute a "severe impairment" within the meaning of the Social Security Act. Haynes applied for disability benefits alleging a disability onset date of July 14, 2009. (R. 45, 127 & 157). In her disability report, Haynes asserted that she cannot work because she is in "[i]ntense pain." (R. 157). She reported that she had to reduce her hours as a secretary due to fibromyalgia, and that she had to quit her job as a home health nurse because she could no longer perform the work. (*Id*.) However, during the

administrative hearing, Haynes testified that she continues to work part time as a church secretary three days a week and she still works at Signature as a companion for an elderly woman once a week, even though she has migraines twice to four times a week. (R. 46, 50). In her functions report, Haynes reported that she could no longer drive, (R. 198), yet she also stated that she goes out daily and when she does, she drives. (R. 200).

Her medical records reveal that while she has migraine headaches, they are now controlled with medication. On December 30, 2005, Haynes presented at the Wedowee Hospital complaining of a migraine headache. (R. 310). She was given Demerol and Phenergan[6], and prescribed bed rest. (R. 311). In 2006, Haynes complained of a migraine headache six times and was prescribed Nubain[7] and Phenergan. (R. 245-51). Between February and July 2007, Haynes complained of migraine headaches four times and was prescribed Nubain and Phenergan. (R. 240-43). On August 23, 2007, Haynes requested a prophylactic prescription because she was going camping, and was afraid she might get a migraine. (R. 239). She was prescribed Oxycondone.[8] (*Id*.) She again complained of migraines on October 4 and December 18, 2007. (R. 236-37).

On April 1, 2008, Haynes presented to Dr. David R. Willis at Wadley Cornerstone Clinic complaining of anxiety, migraines, and abdominal pain. (R. 313-14). On May 1,

---

[6] Phenergan is an anti-nausea medication.

[7] Nubain is a pain medication prescribed for moderate to severe pain.

[8] Oxycondone is the generic brand of OxyContin which is an opioid used to control moderate to severe pain.

2008, Dr. Willis diagnosed Haynes with bipolar disorder, migraines, caffeine rebound headaches and a sleep disorder. (R. 315). He prescribed Trazodone,[9] Klonopin,[10] and OxyIR.[11] (*Id*.) Haynes complained twice more in 2008 of migraines and received refills on her prescriptions. (R. 318, 323).

On February19, 2009, Haynes complained of a severe headache with photophobia. (R. 323). Haynes complained on June 8, 2009, July 27, 2009, and August 25, 2009 of migraines and requested refills of her medication. (R. 338, 336). Thereafter, however, Haynes saw Dr. Willis seven more times between September 2009 and August 2010, but she did not complain about migraine headaches. (R. 438-64). In fact, Dr. Willis' treatment records indicate that Haynes' migraines are not intractable but rather are controlled. (R. 439, 448, 451, 458). His treatment notes also have a section entitled chronic problems. The only condition listed in that section is hypertension. (R. 438, 440, 445, 447, 466, 468, 471, 474) Moreover, in August 2010, December 2010, and January 2011, there is no mention of migraine headaches in Dr. Willis' treatment notes. (R. 440, 471-73, 476). The frequency with which Haynes sought medical treatment for her migraines and the timing of her complaints militates against her credibility. *See Dyer*, 395 F.3d at 1211-12.

While the record indicates that the plaintiff has been diagnosed with migraine headaches, the medical evidence in the record indicates that her headaches are controlled by

---

[9] Trazodone is used to treat depression.

[10] Klonopin is used to treat anxiety.

[11] OxyIR is another name for Oxycodone.

medication and do not have more than a minimal effect on her ability to perform basic work activity. "[T]he severity of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986); *Gray v. Comm'r of Soc. Sec.*, 426 Fed. Appx. 751, 753 (11th Cir. 2011); *Manzo v. Comm'r of Soc. Sec.*, 408 Fed. Appx. 265, 269 (11th Cir. 2011). Haynes has failed to demonstrate that her migraine headaches "significantly limit" her ability to work. *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997). *See also Reynolds v. Comm'r of Soc. Sec.*, 457 Fed. Appx. 850, 852 (11th Cir. 2012). The consultative physician opined that Haynes could perform work. (R. 350) ("The patient, medically, appears to be able to work sedentary type jobs . . . I see no reason she could not work a standard job, cashier, checker, secretary, etc."). This court must accept the factual findings of the Commissioner if they are supported by substantial evidence and based upon the proper legal standards. *Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987). The only evidence that Haynes points to that suggests that her migraine headaches compromise her ability to work is her own testimony, which the ALJ discounted. Consequently, the court concludes that Haynes has failed to meet her burden of establishing that the ALJ's decision regarding the severity of that impairment was not supported by substantial evidence.[12]

---

[12] Even if the court were to conclude that the ALJ's determination at step two was erroneous, any error was harmless because the ALJ fully considered and analyzed all the medical evidence including evidence of headaches. *See Delia v. Comm'r of Soc. Sec.*, 433 Fed. Appx. 885, 887 (11th Cir. 2011); *Burgin v. Comm'r of Soc. Sec.*, 420 Fed. Appx. 901, 903 (11th Cir. 2011).

**B. Treating Physician's Opinion**.  Haynes argues that the ALJ failed to give her treating physician's opinion adequate weight about the severity of her limitations. (Doc. # 13, Pl's Br. at 10).  In essence, the plaintiff argues that if the ALJ accepted Dr. Willis' assessment about her impairments, she would be disabled.  On September 23, 2010, Dr. Willis completed an evaluation form describing Haynes' limitations.  (R. 433-37). According to Dr. Willis, Haynes has marked or extreme limitations in eleven areas dealing with her ability to function in a work environment.  (*Id*.)  She has moderate restrictions in three areas, and mild restrictions in four areas.  (*Id*.)  According to Dr. Willis, Haynes' impairments would be expected to last more than 12 months.  (R. 435). Dr. Willis also completed a "clinical assessment of pain" form. (R. 436).  Dr. Willis opined that Haynes has pain that is incapacitating "at times," causes her distraction or to totally abandon tasks, and she suffers from severe side effects of medication.  (*Id.*).

Of course, the law in this circuit is well-settled that the ALJ must accord "substantial weight" or "considerable weight" to the opinion, diagnosis, and medical evidence of the claimant's treating physician unless good cause exists for not doing so.  *Jones v. Bowen,* 810 F.2d 1001, 1005 (11th Cir. 1986); *Broughton v. Heckler*, 776 F.2d 960, 961 (11th Cir. 1985). The Commissioner, as reflected in his regulations, also demonstrates a similar preference for the opinion of treating physicians.

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations,

such as consultive examinations or brief hospitalizations.

*Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 CFR § 404.1527 (d)(2)). The ALJ's failure to give considerable weight to the treating physician's opinion is reversible error. *Broughton*, 776 F.2d at 961-2.

However, there are limited circumstances when the ALJ can disregard the treating physician's opinion. The requisite "good cause" for discounting a treating physician's opinion may exist where the opinion is not supported by the evidence, or where the evidence supports a contrary finding. *See Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). Good cause may also exist where a doctor's opinions are merely conclusory, inconsistent with the doctor's medical records, or unsupported by objective medical evidence. *See Jones v. Dep't. of Health & Human Servs.*, 941 F.2d 1529, 1532-33 (11th Cir. 1991); *Edwards v. Sullivan*, 937 F.2d 580, 584-85 (11th Cir. 1991); *Johns v. Bowen*, 821 F.2d 551, 555 (11th Cir. 1987). The weight afforded to a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence of the claimant's impairment. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). The ALJ "may reject the opinion of any physician when the evidence supports a contrary conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1240 (11th Cir. 1983). The ALJ must articulate the weight given to a treating physician's opinion and must articulate any reasons for discounting the opinion. *Schnorr*, 816 F.2d at 581.

After reviewing all the medical records, the ALJ gave the opinion of Dr. Willis "little weight" because

> [h]e apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant, and seemed to uncritically accept as true most, if not all, of what the claimant reported. His own treatment notes do not corroborate a debilitating condition based on migraine headaches. Although the claimant has been treated for migraine headaches since 2003, she has been treated conservatively with pain medications. She has also been able to maintain gainful employment. The claimant's continued work as a church secretary at least 3 days per week as well as performing duties as a sitter for an elderly person on a weekly basis are inconsistent with the marked and extreme limitations noted by Dr. Willis. Although I give his diagnoses some weight, I do note that at least part of his assessment of a mental impairment(s) appears to be outside his area of expertise. It is unclear how he arrived at a diagnosis of bipolar disorder, since the single mental health assessment does not state bipolar disorder. Further, the other limitations suggested in the records such as carpal tunnel syndrome, depression, and sciatic neuralgia do not contain diagnostic testing or additional evaluations by a specialist in those fields to confirm the preliminary diagnoses.

(R. 29-30).

The ALJ further discounts Dr. Willis' opinion because his assessment does not identify the "nexus between the migraines" and some of his restrictions "remain[] unexplained." (R. 29). Finally, the ALJ noted the inconsistencies between Dr. Willis' treatment notes regarding whether Haynes' headaches were refractory or "not intractable." (*Id.*)

The ALJ may disregard the opinion of a physician, provided that he states with particularity reasons therefor. *Sharfarz v. Bowen*, 825 F.2d 278 (11th Cir. 1987). The ALJ examined and evaluated the medical records for evidence supporting Dr. Willis' assessment of the severity of Haynes' pain from her migraine headaches, and discounted his assessment. The ALJ's determination is supported by substantial evidence. A review of Dr. Willis' treatment notes demonstrate that Haynes' migraines were controlled with medication. (R.

438-39, 448, 451, 458, 467). On several occasions, headaches are not mentioned in Dr. Willis' notes. (R. 440, 473, 476). Finally, although Dr. Willis' records provide space to note chronic conditions, none of Haynes' records indicate that Dr. Willis considered her migraine headaches to be a chronic condition. Based upon its review of the ALJ's decision and the objective medical evidence of record, the court concludes that the ALJ properly rejected Dr. Willis' opinion that Haynes' migraine headaches cause render her disabled.

## V. Conclusion

The court has carefully and independently reviewed the record and concludes that substantial evidence supports the ALJ's conclusion that plaintiff is not disabled. Thus, the court concludes that the decision of the Commissioner is supported by substantial evidence and is due to be affirmed.

A separate order will be entered.

Done this 10th day of July 2012.

      /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE